UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAY LORRAINE SACKETT,

        Plaintiff,

  -v-

DAMIAN DIRLAM and LOWE'S HOME
CENTERS, LLC,

        Defendants.
_____

**DECISION AND ORDER**

6:22-CV-6245 EAW

## INTRODUCTION

*Pro se* plaintiff Kay Lorraine Sackett ("Plaintiff") commenced this action on May 31, 2022, against defendants Damian Dirlam ("Dirlam") and Lowe's Home Centers, LLC ("Lowe's") (collectively "Defendants"), alleging claims of employment discrimination. (Dkt. 1). Presently before the Court is Defendants' motion to dismiss. (Dkt. 7). For the following reasons, Defendants' motion is granted, but because "the usual practice is to grant leave to amend the complaint" when a motion to dismiss is granted, *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), Plaintiff is granted leave to file an amended complaint within 30 days of the date of and in accordance with this Decision and Order, and granted an extension of time to effect proper service.

## BACKGROUND

The following facts are taken from Plaintiff's complaint (Dkt. 1) and are assumed true for purposes of this motion. During the events in question, Plaintiff was an employee of Lowe's in Macedon, New York. (*Id.* at ¶ 2(B)). Dirlam was Plaintiff's co-worker. (*Id.* at ¶ 3). Plaintiff commenced a claim before the New York State Division of Human Rights ("NYSDHR") arising from the same facts alleged in the instant action, which remains pending. (*Id.* at ¶ 4(A)).

Specifically, Plaintiff alleges that in May of 2019, Dirlam mocked her for wearing braces on her wrists. (*Id.* at ¶ 5(A)). When Plaintiff reported Dirlam to human resources and Lowe's management, Plaintiff was given an initial warning and her manager was abruptly changed. (*Id.*). The new manager accused Plaintiff of stealing time and leaving without management permission and directed the assistant manager to write Plaintiff up twice in a three-week period. (*Id.*).

In December of 2020, Dirlam changed a customer's order and never informed Plaintiff and as a result, she sold the job incorrectly. (*Id.* at ¶ 5(B)). Lowe's brought in another manager to get rid of Plaintiff. (*Id.*). Plaintiff was terminated for not correcting a safety issue, even though she had assigned it to someone else because she was unable to lift it herself. (*Id.*). She contends that she was targeted by Defendants for reporting fraud. (*Id.*).

## PROCEDURAL HISTORY

Plaintiff filed her complaint on May 31, 2022. (Dkt. 1). On October 21, 2022, Defendants filed the instant motion to dismiss. (Dkt. 7). Plaintiff filed a response in

opposition to the motion on November 21, 2022. (Dkt. 11). On December 5, 2022, Defendants filed their reply. (Dkt. 12).

## **DISCUSSION**

Although not clear on the face of Plaintiff's complaint, the Court liberally construes Plaintiff's complaint to assert claims pursuant to the New York State Human Rights Law ("NYSHRL"), Executive Law § 290 *et. seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et. seq.* Defendants' motion to dismiss indicates that it is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, but because some of Defendants' arguments are governed by Rule 12(b)(1) and Rule 12(b)(5), the Court will address those subsections of Rule 12 as well before reaching the merits of the motion.

### I. Rule 12 Legal Standards

#### A. Rule 12(b)(1) Subject Matter Jurisdiction

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d

Cir. 2003)). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the [c]ourt 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003) (quotation and citation omitted), *aff'd*, 403 F.3d 76 (2d Cir. 2005).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quotation and citation omitted); *see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen [a] plaintiff proceeds *pro se* . . . a court is obliged to construe [her] pleadings liberally, particularly when they allege civil rights violations."). Moreover, "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984). However, "[n]otwithstanding the liberal pleading standards afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction." *Azeez v. U.S. Postal Servs.*, No. 10-CV-2001 (JS)(ETB), 2010 WL 2653350, at *2 (E.D.N.Y. June 22, 2010) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000)). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova*, 201 F.3d at 113.

### B. Rule 12(b)(5) Insufficient Service of Process

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Jackson v. City of N.Y.*, No. 14-CV-5755 GBD KNF, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (quoting 5B Wright & Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004)); *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) ("A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process.  In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons.") (citation omitted)).  "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) (quotation and citation omitted), *aff'd*, 626 F. App'x 297 (2d Cir. 2015); *Khan v. Khan,* 360 F. App'x 202, 203 (2d Cir. 2010) (burden is on plaintiff to establish that service was sufficient); *Sunset Homeowners Ass'n, Inc. v. DiFrancesco*, No. 1:19-CV-00016 EAW, 2019 WL 1597497, at *6 (W.D.N.Y. Apr. 15, 2019) ("When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." (internal quotations and citations omitted)).  A court may consider matters outside the complaint on a Rule 12(b)(5) motion. *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-CV-00558, 2022 WL 3701216, at *5 (S.D.N.Y. Aug. 26, 2022).  "Service of process rules are traditionally construed liberally for *pro se* plaintiffs." *Wilson v. Suffolk Cnty. Dist. Att'y*, No. 21-CV-4815 (EK)

(ST), 2023 WL 3473862, at *5 (E.D.N.Y. May 15, 2023) (citing *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986)).

### C. Rule 12(b)(6) Failure to State a Claim

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. Of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a party must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at

555). While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

**II.     Jurisdiction Over Plaintiff's New York State Law Claims**

To the extent Plaintiff's complaint asserts a claim arising under the NYSHRL, Defendants argue the claim is barred pursuant to § 297(9) because Plaintiff previously filed the same claim with the NYSDHR. The Court agrees that it lacks subject matter jurisdiction over this claim.

Section 297(9) provides for an election of remedies as follows:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9). Accordingly, "by the terms of the statute . . . [NYSHRL] . . . claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." *York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002). "Furthermore, there is no question that the election-of-remedies [provision] . . . [applies] to federal courts as well as state." *Id.* In other words, "N.Y. Exec. Law § 297(9) deprives courts of subject matter jurisdiction" over claims already decided by the NYSDHR. *Wilson-Richardson v. Reg'l Transit Serv., Inc.*, 948 F. Supp. 2d 300, 304

(W.D.N.Y. 2013) (dismissing plaintiff's NYSHRL claims previously filed with and fully investigated and decided by the NYSDHR (citing *Skalafuris v. City of New York*, 444 Fed. Appx. 466, 467 (2d Cir. 2011))); *see also Moodie v. Fed. Rsrv. Bank of New York,* 58 F.3d 879, 882 (2d Cir. 1995) (holding that "§ 297(9) deprives the district court of subject matter jurisdiction"). Additionally, "[a] claimant cannot avoid the jurisdictional bar presented by § 297(9) by merely adding additional elements . . . [or] by changing his theory." *Wilson-Richardson,* 948 F. Supp. 2d at 304 (alteration in original) (quoting *Carroll v. United Parcel Serv.*, No. 00-7037, 2000 WL 1185583, at *3 (2d Cir. Aug. 21, 2000)).

In her complaint, Plaintiff indicates that her claim filed in the NYSDHR arises from the same facts involved in this action and remains pending. (Dkt. 1 at ¶ 4). Defendants agree and contend that Plaintiff's administrative claim documents confirm Plaintiff's allegation that the NYSDHR proceeding arises from the same facts, although no such documents are before the Court.[1] However, even in the absence of the documentation, because Plaintiff's own complaint pleads that the NYSDHR proceedings arise from the same facts as those alleged in the instant action, the Court concludes that an NYSHRL claim is barred by the election-of-remedies provision of N.Y. Exec. Law § 297(9). No exception to the jurisdictional bar of § 297(9)—dismissal on grounds of administrative convenience, untimeliness, or annulment of the election of remedies—has been identified.

---

[1]   Defendants' Memorandum of Law indicates that Plaintiff's April 20, 2021 Complaint of Discrimination is attached as Exhibit A, her September 21, 2021 Amended Complaint of Discrimination is attached as Exhibit B, and the NYSDHR's September 22, 2021 Determination After Investigation is attached as Exhibit C. (*See* Dkt. 7-1 at 7-8). But none of these documents appear anywhere in Defendants' submissions to the Court.

Therefore, under the election-of-remedies provision of § 297(9), Plaintiff has not plausibly alleged an NYSHRL claim and such claim is dismissed pursuant to Rule 12(b)(1).

### III.  Exhaustion of Federal Claims

Defendants argue that Plaintiff's claims arising under federal law fail to state a claim because Plaintiff has failed to exhaust her administrative remedies.

Individuals may bring Title VII and ADA claims in federal court only after filing a timely charge with the EEOC and receiving an EEOC right-to-sue letter.[2]  42 U.S.C. § 2000e-5(e), (f); *see also Legnani v. Alitalia Linee Aeree Italiane*, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001).  Administrative exhaustion is an essential element of Title VII's and the ADA's statutory scheme, the purpose of which is to avoid unnecessary judicial action by the federal courts by "[giving] the administrative agency the opportunity to investigate, mediate, and take remedial action." *Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985).  The Second Circuit has held that exhaustion "is a precondition to bringing a Title VII claim in federal court rather than a jurisdictional requirement." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (quotation and citation omitted).  Courts have explained that "[t]he significance of this distinction is that insofar as the district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, the requirement is theoretically 'subject to waiver, estoppel, and equitable tolling.'" *O'Neal v. State Univ. of N.Y.*, No. CV-01-7802 (DGT),

---

[2]  Since New York is a "dual filing state," the requirement of filing a charge with the EEOC may be satisfied by filing a complaint with the NYSDHR.  *See, e.g., Pilgrim v. McGraw-Hill Companies, Inc.*, 599 F. Supp. 2d 462, 473 (S.D.N.Y. 2009).

2003 WL 1524664, at *4 (E.D.N.Y. 2003) (quoting *Francis*, 235 F.3d at 767).  The requirement "applies to *pro se* and counseled plaintiffs alike." *Harris v. Off. of New York State Comptroller*, No. 20-CV-8827 (LAP), 2022 WL 814289, at *3 (S.D.N.Y. Mar. 17, 2022) (quoting *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015)).

Here, Plaintiff's complaint is silent as to whether she obtained a right-to-sue letter from the EEOC, and she did not produce a right-to-sue letter or any information about obtaining one in her opposition to Defendants' motion.  While Plaintiff's response does reference receipt of a probable cause ruling in a prior EEOC claim and an EEOC claim number (Dkt. 11 at 2), no other information about an EEOC claim is before the Court on the instant motion that would serve to satisfy Plaintiff's precondition to suit.  As a result, Plaintiff's Title VII and ADA claims are subject to dismissal without prejudice.  *See Sall v. Greater Burlington YMCA*, No. 2:20-CV-00214, 2023 WL 2585032, at *4 (D. Vt. Mar. 20, 2023) (dismissing plaintiff's claim where he failed to specify whether and when he filed a charge with the EEOC and received a right-to-sue letter finding that "[i]n the absence of an exhaustion of administrative remedies and more precise allegations, Plaintiff's [complaint] fails to state a Title VII claim upon which relief can be granted."); *Davis v. Metro N. Commuter R.R.*, No. 21CIV387(ER)(BCM), 2022 WL 2223018, at *8 (S.D.N.Y. June 21, 2022) ("Where a plaintiff fails to provide a right-to-sue letter from the EEOC and does not allege that plaintiff received or attempted to procure such letter, courts have dismissed the Title VII claims."); *Walters v. MedBest Med. Mgmt., Inc.*, No. 5:14-CV-0572 LEK/ATB, 2015 WL 860759, at *4 (N.D.N.Y. Feb. 27, 2015) (dismissing Title VII claim where plaintiff's complaint indicated that her charges before the NYSDHR were

"currently pending," holding that "Plaintiff has clearly failed to comply with the exhaustion requirements under Title VII, as she did not wait for the EEOC to dismiss the charges (or fail to act) before commencing this action"); *Constantine v. U-Haul Int'l, Inc.*, No. 1:15-cv-01204 (MAD/CFH), 2015 WL 7272211, at *2 (N.D.N.Y. Nov. 16, 2015) (dismissing the plaintiff's Title VII and ADA claims where the plaintiff failed to demonstrate that she received an EEOC right-to-sue letter); *Parker v. Mack*, No. 09-CV-1049A, 2010 WL 11507368, at *3 (W.D.N.Y. Jan. 4, 2010) (holding plaintiff's Title VII and ADA claims were subject to dismissal where the plaintiff did not submit a copy of his EEOC right-to-sue letter).

However, in light of Plaintiff's *pro se* status, the Court will permit Plaintiff to file an amended complaint in which she must include the necessary allegations regarding her receipt of a right-to-sue letter—if, in fact, she did receive such a letter. *See Taylor v. City of New Haven*, No. 3:22-CV-533 (AWT), 2023 WL 2456706, at *4 (D. Conn. Mar. 10, 2023) ("Therefore, the motion to dismiss is being granted pursuant to Rule 12(b)(6) as to Count One, with leave to amend that claim to allege the facts surrounding the plaintiff's receipt of the right to sue letter from the EEOC.").

### III. Sufficiency of Service of Process

Finally, Defendants contend Plaintiff's complaint should be dismissed because service of the complaint was both untimely and invalid under federal and state law. Specifically, they argue that no summons was attached to Plaintiff's complaint and that Plaintiff improperly served the complaint on a Lowe's assistant store manager who was not authorized to accept service, outside of the time limits set forth in Rule 4. While

Plaintiff disputes that Defendants were not properly and timely served, (Dkt. 11 at ¶ 1(C)), the Court concludes that Plaintiff has not met her burden of demonstrating that the service was sufficient. *Dunham v. Town of Riverhead*, No. 19CV03289DLICLP, 2020 WL 5820157, at *2 (E.D.N.Y. Sept. 30, 2020) ("On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient.").

As an initial matter, Rule 4 requires that a summons be served with a copy of a complaint. Fed. R. Civ. P. 4(c)(1); *see also Brown v. Webber*, No. 18 CV 09618 (NSR), 2022 WL 1124901, at *4 (S.D.N.Y. Apr. 14, 2022) (noting that Rule 4 "provides in relevant part that a summons, along with a copy of the complaint, must be served upon the named defendant(s)."); *Tung v. Deutsche Bank Trust Co.*, No. 19-CV-5445-RPK-SJB, 2022 WL 471907, at *8 (E.D.N.Y. Jan. 11, 2022) ("Rule 4(c)(1) provides that '[a] summons must be served with a copy of the complaint." (quoting Fed. R. Civ. P. 4(c)(1))). Although Plaintiff obtained summonses from the Clerk (*see* Dkt. 2), Defendants contend that she did not provide a copy of the summons to Defendants with the complaint (*see* Dkt. 7-2 at ¶ 5). A failure to provide a copy of the summons violates Rule 4. *Bloom v. Democratic Nat. Comm.*, No. 01 CIV.11598 RWS, 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002) ("Because no summons was served on the DNC, Bloom's attempted service of process was fatally defective.").

In addition, Defendants challenge the timeliness of service by Plaintiff on Defendants. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, Plaintiff's complaint was filed on May 31, 2022, and her service of the complaint on the assistant store manager occurred on August 31, 2022, or 92 days after its filing. (*See* Dkt. 2). While a "court can grant an extension [of time to serve]: (1) upon a showing of good cause; or (2) within its discretion," *Brunson-Bedi v. New York*, No. 15 CIV. 9790 (NSR), 2018 WL 2084171, at *6 (S.D.N.Y. May 1, 2018), Plaintiff did not request such relief. But "[a] court may also, 'in its discretion, extend a service deadline *nunc pro tunc*.'" *Hernandez v. Lira of New York Inc.*, No. 20-CV-4457 (RA), 2023 WL 2647639, at *3 (S.D.N.Y. Mar. 27, 2023) (quoting *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, 2021 WL 185040, at *5 (S.D.N.Y. Jan. 19, 2021)).

Finally, Defendants challenge Plaintiff's purporting to personally serve Defendants by delivering a copy of the complaint to an assistant manager at Lowe's. Pursuant to Fed. R. Civ. P. 4(e), Plaintiff could effectuate service by any of the following means:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  A corporation can be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h).

Service of process in New York is governed by section 308 of the Civil Practice Law and Rules ("CPLR").  According to CPLR 308(2), service can be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]"  CPLR 308(2).

"New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of business."  *Maldonado v. Arcadia Bus. Corp.*, No. 14CV4129DLIRML, 2015 WL 12791329, at *2 (E.D.N.Y. Aug. 27, 2015) (quoting *Warshun v. New York Cmty. Bancorp., Inc.*, 957 F. Supp. 2d 259, 266 (E.D.N.Y. 2013)).  The New York statute also directs that the summons be left with an individual of "suitable age and discretion." CPLR 308(2).  To be of suitable age and discretion, the "person 'must objectively be of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably

likely to convey the summons to the defendant.'" *Maldonado,* 2015 WL 12791329, at *2 (quoting *Entm't by J&J, Inc. v. Las Hermanas Rest., Inc.*, No. 02 CV 1119, 2006 WL 3711565, at *2 (S.D.N.Y. Dec. 14, 2006)). "An adult co-worker can satisfy these requirements; it makes no difference if the individual refuses to give his name or gives a false one." *Id.; see also Leung v. New York Univ.*, No. 08-CV-05150 (GBD), 2016 WL 1084141, at *8 (S.D.N.Y. Mar. 17, 2016) (rejecting argument that service was invalid because recipient was not authorized to accept service on defendant's behalf because "[a]uthorization, however, is not required. All that is required is that the person to whom service is made be of 'suitable age and discretion.'" (quoting *City of New York v. VJHC Dev. Corp.*, 125 A.D.3d 425, 425 (1st Dep't 2015))). In addition, as noted, the statute provides that in addition to delivering the summons to a person of suitable age and discretion at the actual place of business, a party must also mail it to the last known address or actual place of business. CPLR 308(2); *see also Dunham v. Town of Riverhead*, No. 19CV03289 (DLI)(CLP), 2020 WL 5820157, at *2 (E.D.N.Y. Sept. 30, 2020) ("As relevant here, New York's 'leave and mail' provision, N.Y. C.P.L.R. § 308(2), provides that personal service may be made by 'delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served,' *and* 'mailing the summons . . . to the person to be served at his or her actual place of business.'" (quoting N.Y. C.P.L.R. § 308(2))).

As to Dirlam, even if Plaintiff's delivery of the complaint to an assistant manager at Lowe's was sufficient, there is no evidence that the complaint was also mailed, as required by the statute. *See Felton v. Monroe Cmty. Coll.*, 528 F. Supp. 3d 122, 134

(W.D.N.Y. 2021) ("Rather, Plaintiff relies only on the fact that he left the summonses and complaint with Mr. Henry. CPLR 308(2) 'requires strict compliance,' . . ., and Plaintiff plainly has not complied with all the requirements of that section."). Similarly, with respect to Lowe's, there is no evidence that the assistant store manager was an officer, a managing or general agent, or any other agent authorized to accept service, nor has it been demonstrated that it was mailed. *See Valle v. GDT Enters., Inc.,* No. 19-CV-797(SJF)(AKT), 2020 WL 435295, at *4 (E.D.N.Y. Jan. 28, 2020) (finding insufficient service of process where the defendants submitted a sworn affidavit indicating that part-time waitress was not authorized to accept service on behalf of them, and the plaintiff failed to provide any evidence to rebut those assertions or otherwise demonstrate that she was authorized to accept service).

Rather than dismiss Plaintiff's complaint for insufficient service of process, as Defendants urge, the Court will permit a discretionary extension. "In determining whether a discretionary extension is appropriate in the absence of good cause, courts in this Circuit generally consider four factors: '(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service.'" *Vaher v. Town of Orangetown*, N.Y., 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (quoting *DeLuca*, 695 F. Supp. 2d at 66); *see also Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023) ("Additionally, it is well settled that '[d]istrict courts have discretion to grant extensions [under Rule 4(m)] even in the absence of good cause.'" (quoting *Zapata v. City*

*of New York*, 502 F.3d 192, 196 (2d Cir. 2007)). Based upon a consideration of these factors and the lack of any apparent prejudice to Defendants who have clear notice of the claims, the Court will extend Plaintiff's time to serve the summons and her amended complaint on Defendants until September 1, 2023. If Plaintiff fails to serve Defendants by that date, her claims against them will be subject to dismissal without prejudice pursuant to Rule 4(m).

In sum, within 30 days of the date of this Decision and Order, Plaintiff may file an amended complaint attempting to allege any of the claims dismissed herein. Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [the original complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, Plaintiff's amended complaint must include all necessary allegations so that it may stand alone as the sole complaint in the action. Failure to timely file the amended complaint in accordance with this Decision and Order will result in a dismissal of Plaintiff's complaint with a direction to the Clerk to close this case. In addition, as noted, once Plaintiff's amended complaint is filed, she has until September 1, 2023, to properly serve a summons and the amended complaint on Defendants in accordance with Rule 4, unless Defendants agree to accept service by other means.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted but Plaintiff is granted leave to amend within 30 days of the date of and in accordance with this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   June 26, 2023
         Rochester, New York